861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Yewandwesson Wendu MEKBIB, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., Defendant-Appellee.
 No. 88-3544.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1988.
Decided Sept. 26, 1988.
 
 Yewandwesson Wendu Mekbib, appellant pro se.
 Michael J. Chamowitz, Chamowitz & Chamowitz, William Gray Schaffer, John Louis Longstreth, Preston, Thorgrimson, Ellis & Holman, for appellee.
 Before DONALD RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Yewandwesson Mekbib appeals the district court's order granting the motion of defendant United Airlines (United) to dismiss his complaint. Mekbib filed this diversity action against United based on United's failure to allow him to smoke on one of its flights. Mekbib asserts that United's actions constituted (1) discrimination in violation of 49 U.S.C. Sec. 1374(b); (2) discrimination in violation of Va.Code Sec. 5.1-124; (3) a breach of duty of care to its passengers; (4) a breach of contract and of implied good faith; (5) intentional misrepresentation, fraud, deceit and false pretense; (6) false imprisonment; and (7) intentional infliction of emotion distress.
 
 
 2
 In December 1987 Mekbib, a heavy smoker, purchased an airline ticket from United for a flight from Honolulu to Dulles Airport in Virginia with a change of planes in San Francisco. Mekbib asserts that he purchased a window seat in the smoking section of the plane for each flight. Mekbib was able to smoke on the flight to San Francisco. After reaching San Francisco Mekbib confirmed his request for a seat in the smoking section of the flight to Dulles. Mekbib was seated in the smoking section of the plane approximately 30 minutes before the flight was to take off. "Less than two minutes" before take-off three nonsmokers boarded the aircraft and as a result the flight was declared a nonsmoking flight. The passengers were informed of this after the flight took off; thus, Mekbib was not able to leave the plane. Mekbib asserts that because he was unable to smoke he suffered a headache, an upset stomach, blurred vision, emotional distress and pain, shaky hands, loss of appetite and other pains.
 
 
 3
 The defendant moved for dismissal. At the motion hearing, Mekbib admitted count one should be dismissed because the applicable federal statute had been repealed. The district court concluded that claims two, three, five, six and seven failed to state a cause of action. The court determined that although claim four might state a claim for relief, Mekbib had failed to allege the sufficient jurisdictional amount to bring his claim within the purview of the federal court and dismissed that claim without prejudice.
 
 
 4
 The district court correctly noted the state regulation Mekbib relies on has been preempted by federal law and thus count two fails to state a federal cause of action. See 49 U.S.C. Sec. 1305 (Supp.1988). The district court also properly found that counts three, five, six and seven failed to state a claim for relief and dismissed these counts.
 
 
 5
 Count four of Mekbib's action alleges breach of contract. Mekbib contends that although he
 
 
 6
 paid valuable consideration and having complied with every term and condition of the contract (including those incorporated by reference), plaintiff was intentionally denied his contractual right to smoke on Flight 16 and was threatened and intimidated by the defendant even for the potential attempt to do so.
 
 
 7
 During the motion hearing, Mekbib admitted that the airline ticket cost under $1,000.
 
 
 8
 In Virginia, damages on a breach of contract claim are limited to pecuniary loss resulting from the breach that was reasonably contemplated by the parties at the time the contract was executed. See A & E Supply Co. v. Nationwide Mutual Fire Insurance Co., 798 F.2d 669, 671 (4th Cir.1986); E.I. Dupont de Nemours & Co. v. Universal Moulded Products Corp., 191 Va. 525, 62 S.E.2d 233 (1950). Since Mekbib would be able to recover, at most, the cost of his ticket were he to prevail on his breach of contract claim, the district court properly dismissed this claim as failing to meet the jurisdictional amount required for a diversity action.
 
 
 9
 Accordingly, we affirm the district court's dismissal of this action. Because the dispositive issues have been decided authoritatively we dispense with oral argument.
 
 
 10
 AFFIRMED.